
Philip D. Dracht, #11561
FABIAN & CLENDENIN, P.C.
215 South State, Suite 1200
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
Telefax: (801) 596-2814
Emails: pdracht@fabianlaw.com

Attorneys for Defendants Lehman Brothers Bank FSB,
Aurora Loan Services, LLC, Mortgage
Electronic Registration Systems

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| RICHARD W. HARRIS<br><br>PLAINTIFF,<br><br>v.<br><br>LEHMAN BROTHER BANK FSB, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, ITS TITLE INSURANCE SERVICES, LLC, AURORA LOAN SERVICES, LLC, JAMES H. WOODALL, KEYBANK NATIONAL ASSOCIATION, FIRST AMERICAN TITLE INSURANCE AND DOES 1-5<br><br>DEFENDANTS. | CASE: 2:10-cv-00690-CW<br><br>MEMORANDUM IN SUPPORT OF LEHMAN BROTHER BANK FSB'S, AURORA LOAN SERVICES, LLC'S, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS' MOTION TO DISMISS |

Defendants Lehman Brother Bank FSB, Aurora Loan Services, LLC, and Mortgage Electronic Registration Systems, Inc. submit this Memorandum in support of their Motion to Dismiss Plaintiff Richard W. Harris' Complaint.

**INTRODUCTION**

Harris's property was foreclosed on. Yet in challenging the foreclosure, he does not allege that he had tendered payments, or had the ability to tender payments, or had encountered confusion in seeking to tender payments due under a loan secured by a Deed of Trust on real property located in Riverton, Utah. Instead, Harris seeks a Court decree deeming a Deed of Trust attached to his Complaint void.

His basis for this extraordinary relief is the contention that neither the Lender, nor the beneficiary, nor any assignee of the beneficiary under the Deed of Trust have the authority to initiate nonjudicial foreclosure proceedings under the Deed of Trust. Plaintiff apparently premises his contention on a theory that the loan at issue was securitized by the original lender, that no assignment appears in the official records of the County to confirm the transfer of ownership to the securitization, and that the named Defendants allegedly do not have possession of the promissory note. Through the haze of his pleading, he appears to allege that while MERS had the authority to foreclose on his home if Lehman, the original Lender held the Deed of Trust, once Lehman sold its interest, MERS ability to foreclose on his home was extinguished.

Plaintiff's theory is fundamentally flawed both under the Deed of Trust and applicable case law. Under the terms of the Deed of Trust, MERS, the beneficiary of the deed of trust as nominee for the Lender owner and its successors and assigns, has the authority under Utah law and the terms of the deed of trust at issue to declare a default in payment or proceed with nonjudicial foreclosure.

In two cases, the Court recognized the authority of MERS as a beneficiary under the Deed of Trust to proceed with nonjudicial foreclosure based upon a deed of trust with identical

terms to the loan at issue.[1] As a result, as a matter of law, Plaintiff cannot state his First through Fourth Causes of Action for Declaratory Judgment that MERS Lacks Standing, Violation of the Fair Debt Collection Practices Act, Quiet Title, and Equitable Relief. As a result, the Court should dismiss each of Plaintiff's causes of action for failure to state a claim upon which relief can be granted.

## I. ALLEGED FACTS

On October 19, 2006, Plaintiff entered into a mortgage loan for $513,907.00, for a home in Riverton, Utah.[2] The home loan originated with Defendant Lehman Brothers Bank, FSB (**"Lehman"**) as the "Lender"[3] In conjunction with the loan, Plaintiff signed a promissory note and trust deed. The trust deed identified Lehman as the "Lender," Plaintiff as the "Borrower," Equity Title as "Trustee," and Mortgage Electronic Registration Systems, Inc. (**"MERS"**), as nominee for the lender Lehman and its successors and assigns, and the successors and assigns of MERS.[4]

The Trust Deed states that MERS is the nominee for Lender and Lender's successors and assigns for purposes of foreclosing and selling the Property:

> Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not

---

[1] *See Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3582294, *4 (Oct. 27, 2009) and *Rodeback v. Utah Financial*, 2010 WL 2757243 (D. Utah, July 13, 2010).

[2] Complaint, ¶¶1, Exhibit 2.

[3] Complaint, ¶2.

[4] Complaint, ¶5.

limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.[5]

Due to a default in payments, MERS, as beneficiary under the Deed of Trust, appointed Defendant James H. Woodall as successor trustee under the Deed of Trust. On April 3, 2007, Woodall recorded a Notice of Default with the Salt Lake County Recorder, commencing a nonjudicial foreclosure, entry number 10780109.[6]

Aurora Loan Services, LLC purchased the property on April 28, 2010.[7] From these facts, Plaintiff alleges four causes of action against Defendants: (1) Declaratory Judgment that MERS Lacks Standing, (2) Violation of the Fair Debt Collection Practices Act, (3) Quiet Title, and (4) Equitable Relief. These four causes of action have no basis in fact or in law.

**ARGUMENT**

**I.    STANDARD OF REVIEW.**

A motion to dismiss should be granted pursuant to F.R.C.P. 12(b)(6) if the plaintiff is unable show sufficient facts to set forth a plausible claim for relief.[8] As the Supreme Court explained in *Bell Atl. Corp. v. Twombly*, Harris' Complaint need not contain detailed factual allegations, but it must plead "enough facts to state a claim for relief that is plausible on its

---

[5] Complaint, Exhibit 2, p. 3.

[6] Complaint, Exhibit 5.

[7] Complaint, Exhibit 3.

[8] *Bell Atlantic Corporation, et al. v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955, 1969 (2007).

4

face."[9] And those allegations must be sufficient to create more than a speculative right to relief – a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

Here, Harris must be required to frame a complaint with enough "factual matter" to show that he is entitled to relief against Defendants and to "nudge [his] claims across the line from conceivable to plausible."[11] The policy behind this plausibility standard is to expose defects in a case early in the process, "at the point of minimum expenditure of time and money by the parties and the court."[12] On the face of the Complaint, the defects in Harris' Complaint are apparent: as his Complaint rests on a specious theory – one that is belied by the Deed of Trust and one that has already been debunked in this Court and in courts across the country.

## II. HARRIS' "MORTGAGE PROTESTER" ARGUMENTS ARE SPECIOUS AND ROUTINELY REJECTED.

Harris' underlying argument for his Complaint is that that neither MERS nor Lehman or any of their agents or assigns have the authority to assert any default on the Note, or power of sale under the Deed of Trust because they have securitized the Note. As illustrated by the very documents upon which Harris relies in his Complaint, and Plaintiff's own contradictory assertions, this central argument lacks merit and has been discredited in this District Court.

---

[9] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

[10] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555.

[11] *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

[12] *Id.* at 1966.

### A. MERS Has Authority to Commence Nonjudicial Foreclosure as the Beneficiary under the Deed of Trust.

Plaintiff's Complaint is full of vague allegations about MERS. Yet while Plaintiff does not allege any facts or theories regarding how this information is relevant to his causes of action, Plaintiff makes these allegations purportedly to challenge the securitization of the underlying Note to the Deed of Trust. Reading between the lines of Plaintiff's Complaint, it appears he is complaining that when the Lender, Lehman, securitizes or sells the Note, that cuts off the ability of MERS to enforce the terms of the Deed of Trust.

But Plaintiff understood and explicitly agreed in the Deed of Trust that MERS was the beneficiary and had the authority to foreclose as the nominee for Lehman *and for Lehman's successors and assigns*:

> The Beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns….
>
> Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, **MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property**; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.[13]

Thus, under the terms of the Deed of Trust, not only is it apparent that MERS is the beneficiary of the Deed of Trust, but that MERS has the authority as the nominee for Lender *and Lender's successors and assigns* to foreclose and sell the property or otherwise enforce the terms of the Deed of Trust.

---

[13] Complaint, Exhibit 2, p. 3 (emphasis added).

The fact that the Lender may have sold its interest in the Note (as vaguely alleged in Plaintiff's Complaint) is immaterial to MERS's authority to foreclose and sell the property if there has been a default – it was contemplated and agreed to by the parties in the Deed of Trust. The Deed of Trust, which Plaintiff signed and agreed to, contemplates that the Note could be assigned and transferred multiple times. For that purpose, the Trust Deed specifically states that, "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."[14] Securitizations of the loans is neither a fact concealed from borrowers like the Plaintiff nor one that deprives the named Defendants from having the power to proceed with a nonjudicial foreclosure upon the Plaintiff's default in payments.

The Court has already dismissed Plaintiff's theory. In *Burnett v. Mortgage Electronic Registration Systems, Inc.*,[15] Judge Kimball held that such language in a trust deed validly confers on MERS authority to foreclose on property on behalf of a lender. In that case, similar to here, the plaintiff, a borrower who had defaulted under the trust deed, alleged in her complaint that MERS did not have authority to initiate foreclosure proceedings and appoint a successor trustee.[16] The Court disagreed, concluding that "when Plaintiff defaulted on her contractual monthly payments, MERS had authority under the Deed of Trust to initiate foreclosure proceedings and to appoint [the] successor trustee. Upon Burnett's default in payments, the

---

[14] Complaint, Exhibit 2, at 11.

[15] *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3582294, *4 (D.Utah. Oct. 27, 2009).

[16] *Id.* at *1.

Court found that MERS had authority to "take any action" required of Lender, including the right to appointed Woodall trustee and the right to foreclose and sell the property."[17]

In dismissing the plaintiffs request for declaratory judgment, which was also based the assumption that MERS lacked the authority to foreclose, the Court held that "the language of the Deed of Trust clearly grants MERS the authority to exercise the full ambit of authority possessed by the Lender."[18] "MERS had authority under the Deed of Trust to initiate foreclosure proceedings and to appoint Woodall as successor trustee."[19] Accordingly, the Court dismissed Burnett's Complaint in its entirety.[20]

Relying on the holdings of *Burnett,* in *Rodeback v. Utah Financial*,[21] the Court again dismissed Plaintiff's theory on a motion to dismiss. There, Chief District Judge Campbell cited to the Court's holding in *Burnett* to find that while Plaintiffs may have alleged that the underlying note was split from the trust deed, the trust deed specified that "'MERS ... has the right to exercise any or all of [the interests granted by the Borrower through the trust deed], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of the Lender, including, but not limited to, releasing and canceling this Security Instrument.'"[22]

---

[17] *Id.* at *4.

[18] *Id.* at *5.

[19] *Id.* at *5.

[20] *Id.* at *7.

[21] *Rodeback v. Utah Financial*, 2010 WL 2757243 (D. Utah, July 13, 2010).

[22] *Id.* at *3-4.

In examining the same language regarding the authority of MERS found in the Deed of Trust as is found here, the Court has previously decided in both *Burnett* and *Rodeback* that MERS has the authority, even if the Note has been securitized or sold, to foreclose and sell the property. Given these previous judicial holdings, Plaintiff's Complaint should be dismissed in its entirety as a matter of law.

### B. Plaintiff Fails to State a Claim for Declaratory Judgment that MERS Lacks Standing

Plaintiff agreed in the Deed of Trust that MERS could act as the nominee for Lehman and Lehman's successors and assigns. The Deed of Trust also plainly contemplated that the Note could be sold to third parties. Yet Plaintiff wants the Court to disregard the plain terms of the Deed of Trust and substitute them with the more slippery "economic reality" of the mortgage transaction (whatever that means).[23]

As explained above, Plaintiff's theory is implausible. The Deed of Trust transferred to MERS "the right to foreclose and sell the Property" and "take any action required of Lender."[24] The alleged transfer and securitization of the Note did not strip MERS of the right to foreclose under the trust deed when Plaintiff defaults Therefore, Plaintiff's generalized statements as to the lack of authority of MERS to initiate foreclosure proceedings are not sufficient to warrant declaratory relief.

---

[23] See e.g., Complaint, ¶28.

[24] Complaint, Exhibit 2, p. 3.

C.     **Plaintiff's Claim for Violation of the Fair Debt Collection Practices Act Fails.**

Plaintiff's argument that MERS is a debt collector is flawed and, again, relies upon its discredited theory that MERS lacks authority under the Deed of Trust to commence a nonjudicial foreclosure. As explained above, this theory is not plausible.

As a threshold matter, the FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt.[25] Putting aside the issue of whether or not MERS is a "debt collector" under the Act, it is clear that commencing a non-judicial foreclosure is not the collection of a debt. In *Kee v. R-G Crown Bank*, the Court recently found that "[a] non-judicial foreclosure is not the collection of a debt under the FDCPA."[26] Similarly, the Court in *Burnett* found that, "A trustee engaged to effectuate a non-judicial foreclosure does not act 'in connection with the collection of [a] debt' when that trustee limits his or her conduct to the statutory requisites governing non-judicial foreclosure."[27] In *Maynard v. Cannon*, this Court found that a substituted trustee under a deed of trust retained to pursue a non-judicial foreclosure did not fall within the definition of a debt collector.[28]

---

[25] See e.g., *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3582294, *2.

[26] *Kee v. R-G Crown Bank*, 656 F.Supp.2d 1348 (D. Utah, 2009 (Benson) *citing Santoro v. CTC Foreclosure Serv. Corp.,* 12 Fed.Appx. 476, 480 (9th Cir.2001); *Brown v. Morris,* 243 Fed.Appx. 31, 35 (5th Cir.2007); *Rosado v. Taylor,* 324 F.Supp.2d 917, 924 (N.D.Ind.2004); *Heinemann v. Jim Walter Homes,* 47 F.Supp.2d 716, 722 (N.D.W.Va.1998); *Kafele v. Frank & Wooldridge Co.,* 108 Fed.Appx. 307, 307-08 (6th Cir.2004); *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D.Or.2002); *see also Maynard v. Cannon*, 2008 WL at 2465466 (D.Utah, 2008) (holding a nonjudicial foreclosure is not the collection of a debt).

[27] *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3582294, *2.

[28] *Maynard v. Cannon*, 2008 WL at 2465466

In this case, the Deed of Trust granted MERS and its assigns the authority to enforce the terms of the Deed of Trust. Plaintiff does not allege any plausible facts to the effect that MERS or Woodall exceeded the statutory requisites in conducting the non-judicial foreclosure. Just as in *Kee, Maynard,* and *Burnett*, Plaintiff's claim should be dismissed as a matter of law.

### D. Plaintiff's Claim for Quiet Title Fails.

Under Utah law, A quiet title action "is a suit brought 'to quiet an existing title against an adverse or hostile claim of another' and 'the effect of a decree quieting title is not to vest title but rather is to perfect an existing title as against other claimants.'"[29] "'To succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not the weakness of a defendant's title or even its total lack of title.'"[30] Here, Plaintiff alleges no facts either demonstrating the strength of his own title or that he is not in default. Instead, Plaintiff alleges unsupported, conclusory, and self-serving contentions based on discredited legal theories throughout the Complaint attempting to show alleged weakness in the interests of MERS and Aurora. As shown above, he cannot prevail on the quiet title cause of action as a matter of law.

### E. Plaintiff's Claim for Equitable Relief Fails.

Plaintiff wants the Court to rewrite his loan, after he has defaulted on it. He requests that the Court reform Plaintiff's mortgage contract by ordering a reduction in principal and an

---

[29] *Nolan v. Hoopiiaina (In re Hoopiiaina Trust),* 2006 UT 53, ¶ 26, 144 P.3d 1129 (emphasis omitted) (quoting *Department of Soc. Servs. v. Santiago,* 590 P.2d 335, 337-38 (Utah 1979).

[30] *Collard v. Nagle Constr.*, 2002 UT App 306, ¶15, 57 P.3d 603, *quoting Church v. Meadow Springs Ranch Corp.*, 659 P.2d 1045, 1048-49 (Utah 1983)).

11

affordable fixed rate for the life of the loan. Yet Harris has not, and cannot allege any facts giving rise to this extraordinary relief.

His sole complaint is that MERS does not have the authority to enforce the terms of the Deed of Trust if the underlying Note is securitized or sold to a third party. But the Deed of Trust is clear that MERS does have the authority, as its authority arises as the nominee of both the Lender and the Lender's successors and assigns. Accordingly, the requested relief has no bearing on any of Plaintiff's alleged facts.

### III. CONCLUSION

Defendants Lehman Brothers Bank FSB, Aurora Loan Services, LLC, Mortgage Electronic Registration respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint without leave to amend, and grant such other and further relief as the Court deems proper.

Dated: July 29, 2010                FABIAN & CLENDENIN, P.C.

/s/ Philip D. Dracht_____
Philip D. Dracht
*Attorneys for Defendants Lehman Brothers Bank FSB, Aurora Loan Services, LLC, Mortgage Electronic Registration Systems*

**Certificate of Service**

I hereby certify that on July 29, 2010, a true and correct copy of this MEMORANDUM IN SUPPORT OF MOTION TO DISMISS was served via ECF to all attorneys who have appeared in this matter.

Dated: July 29, 2010                /s/ Philip D. Dracht_____