Philip D. Dracht, #11561
FABIAN & CLENDENIN, P.C.
215 South State, Suite 1200
Salt Lake City, Utah  84111
Telephone: (801) 531-8900
Telefax: (801) 596-2814
Emails:  pdracht@fabianlaw.com

Attorneys for Defendants Lehman Brothers Bank FSB,
Aurora Loan Services, LLC, Mortgage
Electronic Registration Systems

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| RICHARD W. HARRIS<br><br>    PLAINTIFF,<br><br>v.<br><br>LEHMAN BROTHER BANK FSB, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, ITS TITLE INSURANCE SERVICES, LLC, AURORA LOAN SERVICES, LLC, JAMES H. WOODALL, KEYBANK NATIONAL ASSOCIATION, FIRST AMERICAN TITLE INSURANCE AND DOES 1-5<br><br>    DEFENDANTS. | CASE: 2:10-cv-00690-CW<br><br>MEMORANDUM IN SUPPORT OF LEHMAN BROTHER BANK FSB'S, AURORA LOAN SERVICES, LLC'S, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS' MOTION TO DISMISS |

Following the old saying that 'if you don't have the law, argue the facts, and if you don't have the facts, attack your opponent," Plaintiff, not having the facts or the law, has decided to attack, however irrelevant and improper on a Motion to Dismiss.  Cutting through his jetsam of irrelevant facts regarding the foreclosure crisis and allegations of "robo signing," none of which

1

apply in this case, Plaintiff seems to be making two arguments as to why dismissal is improper. First, that U.C.A. 57-1-19(1) does not allow MERS to be the beneficiary on the Trust Deed because MERS does not "own" the Trust Deed.  And second, because MERS cannot be a beneficiary, by enforcing the terms of the Note and Trust Deed, MERS and the trustee violated the FDCPA

Both of these arguments lack a basis in the facts and the law.  Harris acknowledged on the Trust Deed that MERS was the beneficiary, and that MERS has the right to foreclose and sell the property.  This Court has repeatedly held the same.   As to the FDCPA claim, commencing a non-judicial foreclosure not an "attempt to collect a debt."  And even if it was, Plaintiff does not identify any practice that would violate the Act.   In the end, all Plaintiff has are empty attacks, none of which form the basis of a cause of action.

### I. MERS IS A BENEFICIARY UNDER THE TRUST DEED AND ABLE ENFORCE THE TERMS OF THE NOTE AND TRUST DEED.

U.C.A. §57-1-19(1) defines "Beneficiary" as "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or his successor in interest." Under the terms of the Trust Deed, Plaintiff expressly acknowledged that MERS was appointed the beneficiary and nominee for the Lender *and its successors and assigns* and granted the power to appoint successor trustees and foreclose and sell the property:

> The beneficiary of this Security Instrument is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns)….
>
> Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, *MERS (as nominee for Lender and Lender's successors and*

> *assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property*; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.[1]

Accordingly, the Trust Deed clearly names or otherwise designates MERS as the beneficiary under U.C.A. §57-1-19.

Plaintiff apparently recognizes that the Trust deed names or otherwise designates MERS as the beneficiary -- because he attempts to have the Court contradict the language of the statute, based on Black's Law Dictionary of a "mortgagee," and cases outside of Utah dealing with those states' own statutory regimes. But on multiple occasions, this Court has routinely held that under Utah law, MERS is a beneficiary of the trust deed and can foreclose and sell the property on the Lender's behalf.[2]

---

[1] Complaint, Exhibit 2, p. 3 (italics added).

[2] See e.g., *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3582294, *4 (D.Utah. Oct. 27, 2009) (identical language in the trust deed validly confers on MERS authority to foreclose on property on behalf of a lender); *Rodeback v. Utah Financial*, 2010 WL 2757243 (D.Utah, July 13, 2010) (The trust deed specifies that "MERS ... has the right: to exercise any or all of [the interests granted by the Borrower through the trust deed], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of the Lender, including, but not limited to, releasing and canceling this Security Instrument."); *Southam v. Lehman Bros. Bank FSB et al.,* 2010 WL 3258320 (D.Utah. August 17, 2010) ("Plaintiff's underlying claim [for his causes of action is] that Defendants do not have the authority to assert any present default on the Note, or power of sale under the deed of trust because they have securitized the deed of trust. This argument must be rejected."); *Rhodes v. Wells Fargo Home Mortgage, et al.,* 2010 WL 3222414 (D.Utah, August 17, 2010); *King v. American Mortgage Network et al.*, 2010 WL 3222419 (D.Utah, August 16, 2010) (Where MERS assigned its beneficial interest under the trust deed, the assignor had the authority to foreclose); *McGinnis v. GMAC Mort. Corp.* 2010 WL 3418204 (D. Utah, August 27, 2010) ("courts have consistently held that this language in a Deed of Trust gives MERS the authority to foreclose in behalf of the lender and that MERS need not possess the note in order to appoint a trustee in behalf of the lender who does hold the note"); *King v. American Mortg. Network, Inc.,* 2010 WL 3516475 (D.Utah, September 02, 2010) ("Chase and MERs are clearly authorized to act on behalf of the holder of the Note, Fannie Mae, to begin foreclosure of the Property");

The use of a nominee is one that is widely recognized. As the First Circuit has stated, "the use of a nominee in real estate transactions, and as mortgagee in a recorded mortgage, has long been sanctioned as a legitimate practice."[3] Although mortgages are not governed by the UCC, that statute also expressly permits the use of nominee's in financing statements.[4] Plaintiff's policy arguments—that MERS "circumvents" or "obfuscates" land records—is similarly fail. The purpose of a recording act is to allow parties to "ascertain the status of title to the property."[5] Promissory notes, and transfers and assignments of them, are not recordable. The purpose of recording a trust deed is to give notice that a lien exists, and the date of its recording. Naming MERS as the nominee in a trust deed fulfills that requirement as it puts the entire world on notice there is a lien encumbering the property and MERS, as the beneficiary on the trust deed, is the lien holder.

The security interest embodied in the Trust Deed automatically follows the Note in favor of the Lender and its successors, but MERS is appointed, by the plain terms of the Trust Deed, to act as the Beneficiary for the Lender, no matter who that may be. This agency relationship between MERS and the lender ensures that the Trust Deed and the note are not split. The Trust

---

*Thayne v. Taylor, Bean & Whitaker Mortg. Corp.*, 2010 WL 3546929, *3 (D.Utah, September 10, 2010) ("MERS had the authority to foreclose the Deed of Trust."); *Commonwealth Property Advocates*, *LLC v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3743643, (D.Utah, September 20, 2010) (same); *Foster v. BAC Home Loan Servicing, LP*, 2010 WL 3791976, (D.Utah, September 22, 2010) (same); *Marty v. Mortgage Electronic Registration Systems*, 2010 WL 4117196 (D.Utah, October 19, 2010).

[3] *In re Cushman Bakery*, 526 F.2d 23, 30 (1st Cir. 1975); see also FRIEDMAN ON CONTRACTS & CONVEYANCES OF REAL PROPERTY, § 6:1:5 ("it is familiar practice in real estate transactions to use a nominee").

[4] *See* Utah Code §70A-9a- 502(1)(b) (a financing statement is sufficient if it "provides the name of the secured party *or a representative* of the secured party." Emphasis added.)

[5] 76 C.J.S. Records § 9.

Deed (a uniform document) is of record, and all parties are on notice of its provisions. Plaintiff's allegations that MERS lacks the ability to act as Beneficiary are without merit.

**II.   NON-JUDICIAL FORECLOSURE IS A CONTRACT RIGHT – PLAINTIFF'S "WRONG BENEFICIARY" ARGUMENT IS IRRELEVANT.**

In insisting that MERS does not have the authority to enforce the Note because it is not an "owner," Plaintiff demonstrates a confusion about the requirements for a non-judicial foreclosure.   A non-judicial foreclosure is in essence a contract right granted by the trustor to the trustee, authorized and circumscribed by statute. The purpose of a non-judicial foreclosure power is to provide a relatively quick and inexpensive method to collect the security on a defaulted loan, "without submitting his or her rights to or invoking the aid of a court of law."[6]

In Utah, the execution of a trust deed transfers all of the trustor's (in this case Harris') interest in the property "to the trustee as security for the obligation or obligations for which the trust property is conveyed…"[7] The trust deed is an actual conveyance to the trustee.[8] Upon a default it is the trustee who sells the trust property, and is then obligated to apply the funds appropriately. The trustee may not delegate certain duties, including the preparation and service of notices, as well as handling payoff and reinstatement of the note.[9] After a default in the obligation "the trustee…is given the power of sale by which the trustee may exercise and cause

---

[6] 59 CJS Mortgages §739.

[7] Utah Code §57-1-20 (emphasis added).

[8] See *Interstate Land Corp. v. Patterson*, 797 P.2d 1101, 1106 (Utah App. 1990).

[9] Utah Code §57-1-22.

the trust property to be sold…"[10]  The trustee files a notice of default and a notice of trustee's sale.[11]  The trustee conducts the auction, collects the proceeds, and delivers a trustee's deed.[12]  The trustee is then obligated to apply the sale proceeds to the sale costs, then "to payment of the obligation secured by the trust deed", and any excess to the court or to the person legally entitled to the proceeds.[13]  The borrower is protected by the statutory obligation that the trustee provide notices, conduct the sale, and apply the proceeds against the note.  Regardless of who holds the note or has "standing" to pursue a *judicial* foreclosure, in a non-judicial foreclosure the trustee is acting as that party's fiduciary and the borrower is obligated to deal with the trustee.

This lawsuit, and the others filed by Plaintiff's counsel, are an attempt to throw out that contractual right and to impose judicial foreclosures on a transaction where the parties, and the Utah Legislature, have allowed for non-judicial foreclosures.   In short, Plaintiff wants to impose on the beneficiary an obligation to pursue a burdensome judicial foreclosure, wherein the beneficiary would have to appear as a party, prove its right to collect the note, and prove a default, among other things.

---

[10] Utah Code §57-1-23 (emphasis added).

[11] *See* Utah Code §§57-1-24-25.

[12] *See* Utah Code §§27-28.

[13] Utah Code §57-1-29.

### III.  THE FDCPA DOES NOT APPLY.

Not only is commencing a non-judicial foreclosure not an "attempt to collect a debt,"[14] but Plaintiff fails to identify any specific action that would violate the FDCPA. Leave to amend should not be granted.

### IV.  CONCLUSION.

Defendants Lehman Brothers Bank FSB, Aurora Loan Services, LLC, Mortgage Electronic Registration respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint without leave to amend, and grant such other and further relief as the Court deems proper.

Dated: November 5, 2010                FABIAN & CLENDENIN, P.C.

/s/ Philip D. Dracht
Philip D. Dracht
*Attorneys for Defendants Lehman Brothers Bank FSB, Aurora Loan Services, LLC, Mortgage Electronic Registration Systems*

---

[14] *Kee v. R-G Crown Bank*, 656 F.Supp.2d 1348 (D. Utah, 2009) (Benson) *citing Santoro v. CTC Foreclosure Serv. Corp.,* 12 Fed.Appx. 476, 480 (9th Cir.2001); *Brown v. Morris,* 243 Fed.Appx. 31, 35 (5th Cir.2007); *Rosado v. Taylor,* 324 F.Supp.2d 917, 924 (N.D.Ind.2004); *Heinemann v. Jim Walter Homes,* 47 F.Supp.2d 716, 722 (N.D.W.Va.1998); *Kafele v. Frank & Wooldridge Co.,* 108 Fed.Appx. 307, 307-08 (6th Cir.2004); *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D.Or.2002); *see also Maynard v. Cannon*, 2008 WL at 2465466 (D.Utah, 2008) (holding a nonjudicial foreclosure is not the collection of a debt).

## Certificate of Service

  I hereby certify that on November 5, 2010, a true and correct copy of this MEMORANDUM IN SUPPORT OF MOTION TO DISMISS was served via ECF to all attorneys who have appeared in this matter.

Dated: November 5, 2010          /s/ Philip D. Dracht_____